FILED

NOT FOR PUBLICATION

OCT 14 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| HARDEV SINGH NIJJAR, | ) | No. 06-72155 |
| | ) | |
| Petitioner, | ) | Agency No. A079-597-881 |
| | ) | |
| v. | ) | **MEMORANDUM**\* |
| | ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petition to Review an Order of the
Board of Immigration Appeals

Submitted October 4, 2010\*\*
San Francisco, California

Before:     FERNANDEZ and SILVERMAN, Circuit Judges, and DUFFY,\*\*\*
District Judge.

Hardev Singh Nijjar, a native and citizen of India, petitions for review of the

_____

\*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

\*\*\*The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Board of Immigration Appeals'[1] (BIA) denial of his application for asylum,[2]

withholding of removal,[3] and Convention Against Torture[4] (CAT) relief.  We deny

the petition.

The BIA's determination that an alien is not eligible for asylum must be

upheld if "'supported by reasonable, substantial, and probative evidence on the

record considered as a whole.'"  INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.

Ct. 812, 815, 117 L. Ed. 2d 38 (1992).  "It can be reversed only if the evidence

presented . . . was such that a reasonable factfinder would have to conclude that the

requisite fear of persecution existed."  Id.; see also Farah v. Ashcroft, 348 F.3d

1153, 1156 (9th Cir. 2003).  When an alien seeks to overturn the BIA's adverse

determination, "he must show that the evidence he presented was so compelling

that no reasonable factfinder could fail to find the requisite fear of persecution."

Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817.  The same standard applies

---

[1]The BIA affirmed the immigration judge's decision without opinion.  Thus, we actually review the immigration judge's decision.  See Cruz Rendon v. Holder, 603 F.3d 1104, 1109 (9th Cir. 2010).

[2]8 U.S.C. § 1158.

[3]8 U.S.C. § 1231(b)(3).

[4]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85 (implemented at 8 C.F.R. § 208.18).

to credibility determinations. See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir. 2004); Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir. 2003). However, when a determination is based upon credibility, "'a specific, cogent reason'" for disbelieving the alien must be offered. Guo v. Ashcroft, 361 F.3d 1194, 1199 (9th Cir. 2004).

Nijjar has not met his burden. The BIA determined that his claims were fraught with inconsistencies[5] and omissions,[6] and that his demeanor when he tried to explain the deficiencies also undercut his credibility.[7] It, therefore, denied his application for asylum. The evidence before the BIA supported its determinations. See Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir. 2004). For example, while Nijjar's claim was based upon his assertion that he was a Sikh who supported a political party seeking a Sikh homeland, he was inconsistent about how and when he supported the party. He even claimed to have voted for a candidate, who neither ran nor was elected, and initially omitted evidence of his party activities that

---

[5]See Goel v. Gonzales, 490 F.3d 735, 739 (9th Cir. 2007) (per curiam); Kaur v. Gonzales, 418 F.3d 1061, 1067 (9th Cir. 2005); Chebchoub v. INS, 257 F.3d 1038, 1042–43 (9th Cir. 2001); Pal v. INS, 204 F.3d 935, 938 (9th Cir. 2000).

[6]See Kin v. Holder, 595 F.3d 1050, 1056–57 (9th Cir. 2010); Alvarez-Santos, 332 F.3d at 1254.

[7]Singh-Kaur v. INS, 183 F.3d 1147, 1151 (9th Cir. 1999).

supposedly attracted police attention.[8]

Because the BIA determined that Nijjar did not meet the requirements for a grant of asylum, it properly determined that he did not meet the requirements for withholding of removal either.  See Mansour v. Ashcroft, 390 F.3d 667, 673 (9th Cir. 2004); Fisher v. INS, 79 F.3d 955, 960–61, 965 (9th Cir. 1996) (en banc).

Finally, the evidence in the record does not compel a determination that it is more likely than not that Nijjar would be tortured in India.  Thus, he is not entitled to CAT relief.  See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir. 2006); Farah, 348 F.3d at 1156–57.

Petition DENIED.

---

[8]By the way, the IJ did not err in considering the asylum officer's Assessment to Refer, which was reliable and which Nijjar had an opportunity to address.  Cf. Singh v. Gonzales, 403 F.3d 1081, 1089–90 (9th Cir. 2005).